[Cite as *State v. Davis*, 2022-Ohio-4251.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NOS. 2022-T-0006<br>2022-T-0007<br>2022-T-0008 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeals from the<br>Girard Municipal Court |
| ANDRE MARCELL DAVIS, | |
| Defendant-Appellant. | Trial Court Nos. 2020 CRB 00764<br>2020 CRB 00789<br>2020 TRC 01795 |

**O P I N I O N**

Decided: November 28, 2022
Judgment: Affirmed

*Michael A. Scala,* Girard City Prosecutor, Girard Municipal Court, 100 North Main Street, Girard, OH 44420 (For Plaintiff-Appellee).

*Rhys B. Cartwright-Jones,* 42 North Phelps Street, Youngstown, OH 44503 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Andre Marcell Davis, appeals from the Girard Municipal Court, denying his motion to suppress evidence. We affirm the trial court.

{¶2} At the hearing on appellant's motion to suppress, the following testimony was adduced: On July 20, 2020, Officer Sean Ryan of the Liberty Township Police Department was patrolling when he observed a vehicle with "a large crack spanning the length of the windshield." He initiated a traffic stop.

{¶3}   Prior to stopping the vehicle, the officer observed an unknown item thrown from the passenger side of the vehicle.  Appellant was the driver of the vehicle and was somewhat uncooperative with the officer.  According to Officer Ryan, appellant was "sticking his hand in and outside the vehicle and making certain gestures" toward the officer. Additional officers arrived on the scene.  Appellant was given multiple verbal commands to exit the vehicle; he finally exited and was ordered to face away from the officers and walk backwards towards them.  Appellant did not comply and appeared to be off-balance and was observed stumbling. Appellant shouted obscenities at the officers and was ultimately detained.

{¶4}   Appellant was secured in the officer's marked vehicle where he smelled of alcohol from his breath and body.  Appellant appeared lethargic and was slurring his words.  Appellant was arrested for failure to comply.  An inventory search of the vehicle was conducted where officers found Colt 45 and Old English 800 alcohol containers "throughout the vehicle."  There were open containers in the center console and other containers unopened in the vehicle.  Ultimately, the passenger in the vehicle stated he threw a chicken wing from the window prior to the stop.  Officers confirmed the passenger's statement. Appellant was transported to the Liberty Township Police Department and advised of the officer's belief that he was under the influence of alcohol. Field sobriety tests were conducted at the department.

{¶5}   On cross-examination, Officer Ryan acknowledged he did not notice any erratic driving or speeding on appellant's behalf.  Furthermore, the officer did not take any photographs of the crack in the vehicle's windshield.

2

{¶6}  The trial court denied appellant's motion to suppress.  The court concluded that Officer Ryan's testimony that he observed a large crack across the length of the windshield was credible and sufficient to create reasonable suspicion that appellant's vehicle was unsafe.  Appellant now appeals assigning the following as error:

{¶7}  "The trial court erred in denying the appellant's motion to suppress."

{¶8}  A motion to suppress presents a mixed question of law and fact:

{¶9}  When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard. (Citations omitted.) *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶8.

{¶10}  In *Dayton v. Erickson* (1996), 76 Ohio St.3d 3, the Supreme Court of Ohio stated that "where an officer has an articulable reasonable suspicion or probable cause to stop a motorist for any criminal violation, *including a minor traffic violation,* the stop is constitutionally valid regardless of the officer's underlying subjective intent or motivation for stopping the vehicle in question." (Emphasis added.) *Id.* at 11-12.

{¶11}  Pursuant to R.C. 4513.02(A), "[n]o person shall drive * * * on any highway any vehicle * * * which is in such unsafe condition as to endanger any person." Ohio Adm.Code 4501:2-1-11 also states: "Every motor vehicle shall be equipped with safety glass * * * [which] shall be free of discoloration or diffusion, cracks and unauthorized obstructions * * *."

{¶12}  Appellant argues that the state failed to present any evidence that the alleged crack obstructed his view or rendered the vehicle unsafe or otherwise a danger

3

Case Nos. 2022-T-0006, 2022-T-0007, 2022-T-0008

to the public. He notes the officer did not testify regarding the location of the crack. And, moreover, the officer admitted he did not photograph the alleged crack; in this respect, the trial court had no evidence to assess the officer's testimony against the alleged crack at issue.

{¶13} Many Ohio courts have concluded that a cracked windshield provides reasonable suspicion to justify a traffic stop if the crack renders the vehicle "unsafe," pursuant to R.C. 4513.02(A). *See State v. Latham*, 2d Dist. Montgomery No. 20302, 2004-Ohio-2314, at ¶19 ("the simple appearance of a crack in a windshield does not give rise to a reasonable suspicion of a violation of R.C. 4513.02(A), * * * but the particular facts surrounding the crack in the windshield [must give] rise to a reasonable suspicion that [the vehicle] was in an unsafe condition such that its operation would endanger persons"). *See also In re M.M.*, 1st Dist. Hamilton Nos. C-140628, C-140629, C-140630, & C-140631, 2015-Ohio-3485, ¶9 ("A cracked windshield can result in a violation of R.C. 4513.02(A) - and thus serve as justification for stopping a car - only if it renders the car in such an unsafe condition as to endanger any person"); *State v. Imboden*, 4th Dist. Ross No. 92CA1901, 1993 WL 481388, at *2-3 (Nov. 16, 1993) (holding that reasonable suspicion does not exist in the absence of any evidence that the officer believed the cracked windshield affected the safeness of the vehicle); *State v. McWhorter*, 8th Dist. Cuyahoga No. 95108, 2011-Ohio-1074, ¶17 (concluding the trial court did not err in finding that the officer's description of the alleged crack did not describe an unsafe condition that would justify stopping the vehicle.)

{¶14} "Some courts have stated that the combination of [R.C. 4513.02(A) and Ohio Adm.Code 4501:2-1-11] make it a violation to operate a vehicle

4

with *any* cracks in the windshield because administrative agencies' rules have the full force and effect of law when issued pursuant to statutory authority." (Emphasis added.) *Latham* at ¶14, citing *State v. Repp*, 5th Dist. Knox No. 01-CA-11, 2001 WL 1674100, at *2, (Dec. 28, 2001) (noting that the promulgation of Ohio Adm.Code 4501:2-1-11 is expressly authorized by R.C. 4513.02[C] and carries the full force and effect of law, requiring windshield safety glass to be "free from, among other things, cracks"). Generally, courts, including this court, have also found a windshield crack to establish reasonable suspicion that R.C. 4513.02(A) has been violated when the crack is substantial or impairs the driver's vision. *See State v. Heiney*, 11th Dist. Portage No. 2000-P-0081, 2001 WL 1149534, *1-2, (Sept. 28, 2001) (stating a substantial spider crack on the windshield is sufficient to create a reasonable suspicion that R.C. 4513.02 is being violated); *State v. Thames*, 2d Dist. Montgomery No. 26052, 2015-Ohio-626, ¶6 (stating a large, vertical windshield crack that obstructs the driver's view justifies a traffic stop).

{¶15} In *Heiney*, *supra*, this court observed that:

{¶16} it is only necessary that an officer have a reasonable suspicion based on specific articulable facts that a traffic violation is occurring. Whether a conviction is ultimately obtained is irrelevant to that analysis. In this case, there was a substantial spider crack on the front windshield. That was sufficient to create a reasonable suspicion that R.C. 4513.02 was being violated." *Heiney*, *supra*, at *2.

{¶17} The trial court found the officer's testimony that appellant's vehicle had a large crack spanning the length of the windshield credible. As such, the court determined the crack provided reasonable suspicion that appellant's vehicle was unsafe. Although the officer did not specifically testify that the crack rendered the vehicle "unsafe," such testimony is not necessary if an officer's testimony is sufficient to establish the existence

5

of a "substantial or significant crack in the [vehicle's] windshield." *State v. Carey*, 9th Dist. Summit No. 28689, 2018-Ohio-831, ¶18 ("While the deputy's testimony did not include any talismanic language explicitly stating that the crack in the windshield made the vehicle 'unsafe', such exact language is not required.") *See, also, State v. Emerick*, 4th Dist. Washington No. 06CA45, 2007-Ohio-4398, ¶16 (holding a trooper had reasonable suspicion to justify a stop of a vehicle with a cracked windshield for being unsafe even though the trooper 'failed to describe the location of the crack or give his opinion on whether it rendered the vehicle unsafe or dangerous.")

{¶18} Here, the observed, large crack to which the officer testified was sufficient to support the trial court's judgment that the officer possessed reasonable suspicion to stop appellant's vehicle to further investigate the potential traffic violation. Moreover, albeit not mentioned by the trial court as a further basis for the stop, as the officer initiated the reasonably-founded stop, he additionally witnessed an object being discarded from the passenger side of the vehicle. R.C. 4511.82(A) prohibits littering by operators of a motor vehicle, and provides:

{¶19} "No operator or occupant of a motor vehicle shall, regardless of intent, throw, drop, discard, or deposit litter from any motor vehicle in operation upon any street, road, or highway, except into a litter receptacle in a manner that prevents its being carried away or deposited by the elements."

{¶20} Litter is defined as "garbage, trash, waste, rubbish, ashes, cans, bottles, wire, paper, cartons, boxes, automobile parts, furniture, glass, or anything else of an unsightly or unsanitary nature." R.C. 4511.82(D).

Case Nos. 2022-T-0006, 2022-T-0007, 2022-T-0008

{¶21} Upon witnessing the occupant discard what was confirmed to be a piece of chicken from the vehicle, the officer had additional reasonable suspicion to stop the same for a minor traffic violation.

{¶22} In light of the foregoing, we hold the trial court did not err in finding the officer had reasonable suspicion to stop appellant's vehicle to investigate potential traffic violations. Upon stopping appellant, the officer developed additional, reasonable bases to further detain appellant and proceed with an additional investigation.

{¶23} Appellant's assignment of error lacks merit.

{¶24} For the reasons discussed in this opinion, the judgment of the Girard Municipal Court is affirmed.


THOMAS R. WRIGHT, P.J.,

MARY JANE TRAPP, J.,

concur.